**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID WORS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 10-cv-0106-MJR |
| ) | |
| **SLING MEDICAL, INC., and** ) | |
| **DAVID DAVIS,** ) | |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction

On February 8, 2010, Plaintiff, David Wors, filed a complaint in this Court against Defendants, Sling Medical, Inc., and David Davis, under the Illinois Sales Representative Act, 820 ILCS 120, *et seq.* ("ISRA"). Plaintiff invokes this Court's jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The parties are diverse in that Plaintiff is a citizen of Illinois; Sling Medical, a citizen of Kansas and Missouri; and Davis, a citizen of Kansas. The amount in controversy alleged satisfies the jurisdictional amount - exceeding $75,000.00, exclusive of interest and costs.

According to the complaint, on October 1, 2008, Plaintiff and Defendants entered into an agreement whereby Sling agreed to pay Plaintiff commissions for the period October 1, 2008, to September 30, 2009, for his work as a sales representative. Davis, the President of Sling, signed the contracts at issue. Plaintiff alleges that he made three sales of patient monitoring equipment during this period for which he was underpaid, given the terms of the applicable commission agreement.

According to Plaintiff, Defendants' failure to pay the amounts described in the complaint violates the ISRA.

Now before the Court is Defendant Sling's motion to dismiss for improper venue pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)** (Doc. 13).

## II. Analysis

Under the Non-Competition and Confidentiality Agreement ("Agreement") entered into at the beginning of the parties' relationship, Plaintiff expressly agreed to a forum selection clause restricting any litigation arising out of the commission compensation arrangement to the exclusive forum of the state courts of Johnson County, Kansas.

> 4. Governing Law and Exclusive Forum. This Agreement shall be interpreted and enforced in accordance with the laws of the State of Kansas. The parties agree that any litigation that may be commenced by either of the parties with respect to or related to the Sales Representative's affiliation with the Company and/or with respect to this Agreement shall take place in the state courts of Kansas, in Johnson County (or, should Johnson County not be the vicinage of any Kansas state courts, in such a Kansas county most proximate to Johnson County), which the parties agree shall be the exclusive forum for any such litigation, and to whose jurisdiction the Sales Representative agrees to submit in such an event. (Doc. 14, Exhibit, Agreement ¶ 4).

It is under this forum selection clause that Defendant seeks to have the case dismissed for improper venue pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**, which authorizes the district court to dismiss or transfer a case if venue is improper or inconvenient in the chosen forum. Defendant argues that venue is improper in the Southern District of Illinois, and the case should be dismissed because this Court cannot transfer the case to a state court, which is the only appropriate forum.

In response, Plaintiff submits that, because this Court's jurisdiction is based on diversity of citizenship, Illinois substantive law supplies the rule of decision, including Illinois law

concerning "choice of law." According to Plaintiff, Illinois appellate courts have voided forum selection clauses to the extent the sales representatives were pursuing claims under the ISRA, finding such clauses violate the fundamental public policy of Illinois. Plaintiff submits that the forum selection clause Defendant advances in its motion is void and, if this case were being tried in state court, would have no effect.

It is well settled that contractual forum selection clauses have a *prima facie* presumption of validity. ***M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1977).** Such a clause is enforced unless the provision was procured by fraud or overreaching or enforcement would be unreasonable. ***Paper Express Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992).** In essence, the clause will be enforced unless its enforcement would be a "serious inconvenience." ***Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991).** The Seventh Circuit has endorsed this approach, announcing that "the law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." ***Paper Express*, 972 F.2d at 757.**

Here, the contract's forum selection clause clearly provides that "any litigation that may be commenced by either of the parties with respect to or related to the Sales Representative's affiliation with the Company and/or with respect to this Agreement shall take place in the state courts of Kansas, in Johnson County." Therefore, under the law of the Seventh Circuit, this Court should enforce the clause unless the forum selection clause in the parties' confidentiality and noncompetition agreement is void under Illinois state law, as Plaintiff argues.

"Federal law determines whether to enforce a forum-selection clause." ***Wilkinson***

*Co. v. Krups North America, Inc*., **48 F.Supp.2d 816, 818 (N.D.Ill. 1999) (citing** *Vijuk v. Guk-Falzmaschinen Griesser & Kunzmann, GmbH & Co. KG*, **902 F.Supp. 162, 163-65 (N.D.Ill. 1995) (applying federal law to determination of whether to enforce forum-selection provision) and** *Frediani & Delgreco, S.P.A. v. Gina Imports, Ltd.*, **870 F.Supp. 217, 219 (N.D.Ill. 1994) (collecting cases) (additional citations omitted)**. "When a case is in federal court on the basis of diversity jurisdiction, federal law governs whether to give effect to a forum-selection clause." *Meridian Rail Products Corp. v. Ronsco, Inc*., **2003 WL 21466955, *1 (N.D.Ill. 2003) (citations omitted)**. To show that a forum-selection clause is unreasonable, a party must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Wilkinson*, **48 F.Supp.2d at 818 (citing** *The Bremen v. Zapata Off-Shore Co.,* **407 U.S. 1, 18 (1972))**.

This action is closely analogous to *Wilkinson*. There, as in the current proceeding the plaintiff claimed that the "forum-selection clause [was] unenforceable because it violates fundamental public policy of Illinois as set forth in the ISRA...." *Id.* **at 818.** The Court in *Wilkinson* rejected the plaintiff's argument because "the strong public policy pronounced in the ISRA involves its substantive protections, not the choice of forum." *Id.* **at 819**. The Court reasoned that the plaintiff would have the same opportunity to litigate the merits of its lawsuit in the forum-selected state. *Id*.

Plaintiff herein will have the same opportunity to litigate the merits of his claim in state court in Johnson County, Kansas, that he has in this forum. His substantive rights are not affected, and no public policy is offended by the Agreement's provision as to where suit must be brought. Plaintiff does not assert that the Agreement was procured by fraud or overreaching. And

the state court of Johnson County, Kansas, is less than 300 miles from the federal courthouse in East St. Louis, Illinois, scarcely an insuperable distance - nor has Plaintiff contended that it is. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc*., **883 F.2d 1286, 1291 (7th Cir. 1989) (citations omitted) ("[A]bsent a showing that trial in the 'contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court ... there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'");** *see also Blades v. Monsanto Co.*, **2001 WL 775980, \*2 (S.D.Ill. 2001) (absent a showing the parties will be deprived of their day in court, they "will be held to their bargain as contained in the forum selection clause")**).

As stated above, Plaintiff bears a heavy burden to establish invalidity of the forum selection clause. The Court finds that he has failed to satisfy this burden. Accordingly, the Court honors the presumption that the forum selection clause is *prima facie* valid as the United States Supreme Court has held. Moreover, although only Defendant Sling brought the motion under consideration, the result is equally applicable to Sling's co-defendant Davis. Even if this were not the case, judicial economy favors trying Plaintiff's claims as a single action.

Having determined that the forum selection clause is valid, the Court now turns to the question of whether transfer or dismissal is appropriate. Plaintiff did not address this issue, possibly because he knew that it was a foregone conclusion that if the Court found the clause valid, this case must be dismissed. Because the Agreement provides that this action may be brought only in a state court in Johnson County, Kansas, there is no federal court to which the action may be properly transferred.

28 U.S.C. § 1404(a) allows a district court, "for the convenience of parties and

witnesses, in the interest of justice,... [to] transfer any civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a);** *Nautilus Ins. Co. v. Purdy*, **2006 WL 1305231, \*2 (C.D.Ill. 2006)**.  However, a federal court cannot transfer a case to a state court, so § 1404 is inapplicable here.  *Bassett Seamless Guttering, Inc. v. Gutterguard, LLC*, **2006 WL 156874, \*7 (M.D.N.C. 2006) (collecting cases)**.

Because the Court cannot transfer a case to a non-federal forum, this case must be dismissed.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Sling's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) (Doc. 13) and **DISMISSES** this case without prejudice to refiling in Johnson County, Kansas.

**IT IS SO ORDERED.**

**DATED this 14th of May, 2010**

                    <u>s/Michael J. Reagan</u>
                    **MICHAEL J. REAGAN**
                    **United States District Judge**